IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPARTAN OFFSHORE DRILLING, LLC § <br> and CERTAIN UNDERWRITERS § <br> SUBSCRIBING TO COVER NOTE § <br> MS-S 4428 § <br> § <br> **Plaintiffs,** § <br> § <br> vs. § <br> § <br> M/V GREY FOX, her engines, tackle, § <br> apparel, furniture, equipment and § <br> other appurtenances, in rem, and § <br> MARITIME CARRIER SHIPPING GmbH § <br> & CO., and MORAN TOWING § <br> CORPORATION, in personam, § <br> § <br> **Defendants.** § | C.A. No. _____ <br> Rule 9(h) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SPARTAN OFFSHORE DRILLING, LLC ("Spartan") and CERTAIN UNDERWRITERS SUBSCRIBING TO COVER NOTE MS-S 4428 ("Underwriters"), (collectively "Plaintiffs"), complaining of the M/V GREY FOX, her engines, tackle, apparel, furniture, equipment and other appurtenances, in rem, and MARITIME CARRIER SHIPPING GmbH & CO. ("MCS"), and MORAN TOWING CORPORATION ("Moran"), in personam (collectively "Defendants"), and file this their Original Complaint, and would respectfully show unto the Court as follows:

### I.
### Parties and Jurisdiction

1.  This is a case of admiralty or maritime jurisdiction within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

1

2660257-1

2. Spartan is a limited liability company organized under the laws of Louisiana. At all times material hereto, Spartan was the owner of the Mobile Offshore Drilling Unit ("MODU") SPARTAN 303.

3. Underwriters are insurers who insured the hull of the SPARTAN 303 against the risk of physical damage.

4. The M/V GREY FOX is an ocean-going general cargo ship operating under the flag of the Marshall Islands. The M/V GREY FOX is or will be during the pendency of this litigation within the jurisdiction of this Court.

5. On information and belief, MCS is a business entity organized under the laws of the Federal Republic of Germany. At all times material hereto, MCS was the operator of the M/V GREY FOX. MCS regularly engages in business in the State of Texas by sending vessels that it operates to Texas, and also does business in Texas by committing a tort in Texas. Accordingly, MCS is subject to the jurisdiction of this Court. MCS does not maintain an agent for service of process in Texas, but may be served by serving the secretary of state of the State of Texas, and by providing a copy of process served to MCS at its place of business at Grosse Elbstrasse 138, 22267 Hamburg, Federal Republic of Germany.

6. Moran is a corporation organized and existing under the laws of the State of New York that is authorized to do business in the State of Texas. Moran may be served with process by serving its authorized agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. At all times material hereto, Moran operated tugs in the Sabine River near Port Arthur, Texas.

## II.
## Facts

7.     On April 28, 2014, the MODU SPARTAN 303 was properly moored at the GT Omniport in Sabine Pass, undergoing its three year ABS inspection and related maintenance.  The M/V GREY FOX was underway from the Kinder Morgan Bulk Terminal to the Oxbow Carbon LLC facility in Taylor Bayou with the assistance of two tugs owned and operated by Moran.  This movement required maneuvering around a sharp bend in the channel, and the M/V GREY FOX and the Moran tugs failed to negotiate the bend, and as a result the M/V GREY FOX struck the docked MODU SPARTAN 303, causing it to break free from its port stern side moorings and drift in the channel before tugs were dispatched and able to re-secure the rig to the dock.

## III.
## Causes of Action

8.     The allision between the M/V GREY FOX and the MODU SPARTAN 303  was caused by the negligence or other fault of the M/V GREY FOX and those in charge of her navigation, and by the negligence or other fault of the two tugs operated by Moran and those in charge of their navigation.

9.     Under the rule of *The OREGON,* 158 U.S. 186 (1895), when a moving vessel strikes a stationary visible object such as a moored vessel, the moving vessel is presumed to be at fault for the casualty.  Accordingly, the M/V GREY FOX and MCS are presumed to be at fault.

## IV.
## Damages

10.    As a result of the allision, damage was found on the starboard aft corner of the rig's mat notch as well as an indentation below the knuckle in the damages area.  Based on the location and extent of the damage, on May 2, 2014, the ABS required that Spartan Offshore move the rig to a dry dock facility for further inspection and repair.  The closest dry dock facility with

availability that could accommodate the rig was the Signal International facility near Pascagoula, Mississippi, and arrangements were immediately made to move the rig to Signal for further evaluation and repair, and the rig was towed from Sabine Pass, Texas on May 5, 2014, and arrived at the Signal facility on May 12, 2014, and waited for dry dock availability. It was subsequently moved onto dry dock on May 21, 2014, as soon as the dry dock became available.

11. Once on dry dock, damages were noted in both the rig's hull and mat, as well as in other various areas on the port stern deck, all of which are consistent with having occurred as a result of the allision. Efforts were immediately undertaken to repair the damage, and the dry dock work related to the incident was completed and accepted by ABS in early June 2014, at which time the rig was taken off dry dock. Spartan Offshore then proceeded to complete work related to the three year ABS inspection that was being performed while the rig was at Sabine Pass. This work was completed by the end of June 2014. The rig departed Pascagoula on July 1, 2014, and arrived on location for its next job on July 5, 2014.

12. The cost of the repairs of the damage caused by the allision amounted to $3,523,316.00. Underwriters paid $2,779,091.97 of this amount.

13. In addition to the repair costs, the MODU SPARTAN 303 was out of service for an extended period of time to undergo the repairs. At the time of the incident, the rig was under contract to begin a job for Gulf Coast Energy Resources ("GCER") at the day rate of $105,000.00, with the job set to begin as soon as the three year ABS inspection was concluded. Spartan's net lost daily earnings while the rig was under repair following the allisions was $87,025.35, and the total lost earnings for the days that the rig was out of service and attributable to the allision with the M/V GREY FOX were $4,292,961.00.

# V.
# Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that process in due form of law according to the practices of this Court in causes of admiralty and maritime jurisdiction be issued and served against the M/V GREY FOX, her engines, tackle, apparel, furniture, equipment and other appurtenances, and against MCS and Moran; that all persons claiming an interest in the M/V GREY FOX be required to appear and answer under oath all and singular the matters aforesaid; that Plaintiffs have judgment against the M/V GREY FOX in rem and against MCS and Moran in personam for their damages, pre- and post-judgment interest and costs; that the M/V GREY FOX be condemned and sold to satisfy the judgment; and that Plaintiffs have all such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Allan C. Crane
Allan C. Crane
The Miller Law Firm
One Canal Place, Suite 860
New Orleans, Louisiana 70130
Telephone: 504-684-5044
Facsimile: 866-578-2230
acrane@millerlaw-firm.com
**PRO HAC VICE APPLICATION PENDING**

/s/ Harold K. Watson
Harold K. Watson
State Bar No. 20938500
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:  713-546-9806
watson@chaffe.com
**ATTORNEYS FOR PLAINTIFFS, SPARTAN OFFSHORE DRILLING, LLC and CERTAIN UNDERWRITERS SUBSCRIBING TO COVER NOTE MS-S 4428**

**OF COUNSEL:**
**CHAFFE McCALL, L.L.P.**